UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLTON COLEMAN, MILTON JONES, DONALD FOUNTAIN, <br>   Plaintiff, <br> <br> vs. <br> <br> ROB JEFFRIES, et.al., <br>   Defendants | ) <br> ) <br> ) <br> ) <br> )     No. 20-4218 <br> ) <br> ) <br> ) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiffs' Complaint, Motion for Appointment of Counsel, Motion to Request a Three Judge Panel, and Motion for a Preliminary Injunction. [1, 9, 10, 11].

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiffs' complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiffs Carlton Coleman, Milton Jones, and Donald Fountain claim their constitutional rights have been violated at the East Moline Correctional Center (EMCC) by Defendants Illinois Department of Corrections (IDOC) Director Rob Jeffries, Warden Robert Hamilton, Dr. Rankin, and unspecified Jane and John Doe Defendants.

1

Plaintiffs say they are bringing this "class action" lawsuit on behalf of themselves and all other EMCC inmates currently incarcerated at the facility or future inmates who will be incarcerated during the COVID-19 pandemic. (Comp., p. 3). Plaintiffs then list a variety of general problems involving delayed medical care, inadequate ventilation, unsanitary living conditions, and overcrowding. Plaintiffs request injunctive relief and damages. (Comp., p. 12).

Courts have held *pro se* inmates cannot adequately represent other inmates in a class action. *See Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) ("it is generally not an abuse of discretion for a district court to deny a motion for class certification on the ground that a *pro se* litigant is not an adequate class representative"); *Rutledge v. Lane*, 2000 WL 689191, at *4 (7th Cir. May 25, 2000)(*pro se* plaintiff cannot fairly and adequately protect the interests of the class.); *Trainor v. Gebke*, 2018 WL 3216045, at *4 (S.D.Ill. Jan 22, 2018)(listing cases).

Plaintiffs have also filed a Motion for Appointment of Counsel, but even if the Court were to grant this motion, Plaintiffs cannot proceed with their lawsuit.

Plaintiffs admit they have not exhausted their administrative remedies. (Comp., p. 10). Plaintiffs say they are seeking a preliminary injunction "before they can complete the administrative exhaustion process." (Comp., p. 10). However, the Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Therefore, before the Court can consider Plaintiff's request for emergency injunctive relief, they must file a valid complaint. *See Strouse v. USP-*

*Marion Warden*, 2020 WL 2063937, at *2 (S.D.Ill. April 29, 2020)(finding failure to file a complaint was fatal to motion for injunctive relief).

Plaintiffs have not filed a sufficient complaint because they cannot demonstrate they completed the grievance process before filing a lawsuit in federal court. *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *Youngblood v. Williams*, 2020 WL 4903904, at *3 (S.D.Il . Aug 20, 2020). While failure to exhaust is an affirmative defense, the Court may dismiss a complaint if it is clear from the face of the complaint that the defense applies. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). Therefore, the Court must dismiss Plaintiffs complaint for failure to exhaust administrative remedies as required.

The Court also notes a "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Plaintiffs cannot demonstrate they are likely to succeed on the merits since the Court is required to dismiss their complaint for failure to exhaust. Plaintiffs motion for

a preliminary injunction is denied. [11]. Plaintiff's remaining motions are also denied as moot. [9, 10].

IT IS THEREFORE ORDERED:

1) Plaintiffs complaint is dismissed for failure to exhaust administrative remedies as required. *See* 42 U.S.C. § 1997e(a). This case is closed.

2) Plaintiffs' Motion for a Preliminary Injunction, Motion for Appointment of Counsel, and Motion to Request a Three Judge Panel are denied as moot. [9, 10, 11].

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED this 28th day of October, 2020.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE